**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| TANVEER FATIMA<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:25-CV-01123-O |
| COSTCO WHOLESALE CORPORATION<br>Defendant. | §<br>§<br>§<br>§ | |

**PLAINTIFFS MOTION TO REMAND**

TO THE HONORABLE JUDGE:

COMES NOW, Plaintiff TANVEER FATIMA ("Plaintiff") and files this Motion to Remand and respectfully request that this Court reject Defendant COSTCO WHOLESALE CORPORATION'S ("Defendant ") basis for Removal and remand the case to state court. In this regard, Plaintiff would respectfully show the Court as follows:

## I. INTRODUCTION

1. Defendant Costco Wholesale Corporation ("Costco") removed this case on October 10, 2025, alleging diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. However, removal was improper because Defendant has failed to establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. Moreover, Plaintiff's Original Petition expressly limits damages to an amount "*less than $250,000*", placing this case squarely within the jurisdiction of the Texas state court system and outside the scope of federal diversity jurisdiction.

2. Additionally, on November 5, 2025, Plaintiff filed a Stipulation of Damages (Doc. 8) in which Plaintiff irrevocably stipulated and agreed that Plaintiff is not seeking damages exceeding $75,000.00, including actual damages, interest, statutory or punitive damages and penalties, and costs, and that Plaintiff will not accept, either by judgment, settlement or otherwise, any recovery that would result in an amount exceeding $75,000.00.

## II. PROCEDURAL HISTORY

3. Plaintiff filed her Original Petition in the 342nd Judicial District Court of Tarrant County, Texas on August 28, 2025, asserting a premises liability claim arising out of an alleged slip-and-fall incident at a Costco store.

4. Defendant was served on or about September 10, 2025, and removed the action to this Court on October 10, 2025.

5. In her Petition, Plaintiff sought monetary relief less than $250,000, pursuant to Texas Rule of Civil Procedure 47(c)(1).

6. Defendant's Notice of Removal asserts that the amount in controversy exceeds $75,000 but provides no competent evidence to support that claim.

7. On October 24, 2025, counsel for both Plaintiff and Defendant began negotiations toward a stipulation confirming that the total damages and monetary relief sought by Plaintiff, will not exceed $75,000.00.

8. On November 5, 2025, Plaintiff filed a Stipulation of Damages (Doc. 8).

## III. AUTHORITIES AND ARGUMENT

9. Federal courts are courts of limited jurisdiction. The removing defendant bears the heavy burden of proving federal jurisdiction by a preponderance of the evidence. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

10. Additionally, "any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Property & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Texas Medicine Resources, LLP v. Molina Healthcare of Texas, Inc.,* 356 F. Supp. 3d 612 (N.D. Tex. 2019). If subject matter jurisdiction does not exist, "a federal court must remand the suit to the state court where it originated." *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).

11. Defendant's Notice of Removal asserts that "the amount in controversy exceeds $75,000" merely because Plaintiff seeks damages "less than $250,000." That is insufficient. Texas Rule 47(c)(1) encompasses a broad range of possible damage amounts, including those far below the federal threshold.

## IV. CONCLUSION

12. Plaintiff's pleading is clear, no federal question exists. Defendant has failed to establish that this Court has subject matter jurisdiction. The pleadings and Plaintiff's stipulation demonstrate that the amount in controversy does not exceed $75,000, exclusive of interest and costs. Therefore, this case must be remanded to state court.

13. For these reasons, Plaintiffs request that the Court find that removal was improper, and this proceeding should be remanded to the state court from whence it was removed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court immediately remand this case back to the 342nd Judicial District of Tarrant County, Texas.

Dated November 5, 2025.

Respectfully submitted,

AMS LAW GROUP, PLLC

/s/ Sam Almasri
Sam Almasri
Texas Bar No. 24053071
Email: sam@amslawgrp.com
811 S Central Expressway, Suite 600
Richardson, Texas 75080
Tel. (888)-960-8363
Fax. (888)-960-8361
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all parties of record in accordance with the Federal Rules of Civil Procedure on this 5th day of November 2025.

/s/ Sam Almasri
Sam Almasri